1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND E. HOWARD, | ) No. C 11-0999 JSW (PR) |
| Plaintiff, | ) **ORDER VACATING** |
| | ) **DISMISSAL ORDER AND** |
| v. | ) **JUDGMENT OF MAY 3, 2011;** |
| | ) **OF DISMISSAL;** |
| SAN QUENTIN STATE PRISON | ) **INSTRUCTIONS TO CLERK** |
| HEALTH CARE SERVICES; DR. | ) |
| TOOTELL; | ) |
| | ) |
| Defendants. | ) |

_____

**INTRODUCTION**

This case was opened when, on March 3, 2011, the Court received three letters from Plaintiff, a prisoner of the State of California. Although the Clerk filed one of the letters as a "Complaint," it is not a complaint. The letters set forth narratives about inadequate medical care and interference with mail, but they do not name any defendants, states any causes of action, or specifies the relief being sought. Consequently, on March 24, 2011, the Clerk notified Plaintiff that he must file either a complaint or an or a petition within thirty days or the case would be dismissed and the file closed. On April 27, 2011, the Clerk received from Plaintiff a form civil rights complaint, which was entered on the docket on May 3, 2011. Also on May 3, the Court dismissed this case without prejudice for failing to file a complaint because the Court was not aware that he had filed a complaint. As Plaintiff had in fact filed a complaint, however, the action should not have been dismissed on those grounds. Accordingly, the order of dismissal and judgment of May 3, 2011 are VACATED, and the case is

1    REOPENED for purposes of a review pursuant to 28 U.S.C. § 1915A.

2          After reviewing the complaint, the Court now dismisses it for failure to state a

3    cognizable claim for relief.

4                              **STANDARD OF REVIEW**

5          Federal courts must engage in a preliminary screening of cases in which prisoners

6    seek redress from a governmental entity or officer or employee of a governmental entity.

7    28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the

8    complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

9    fails to state a claim upon which relief may be granted," or "seeks monetary relief from a

10   defendant who is immune from such relief." *Id.* § 1915A(b).  Pro se pleadings must be

11   liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

12   1990).

13         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

14   of the claim showing that the pleader is entitled to relief."  "Specific facts are not

15   necessary; the statement need only '"give the defendant fair notice of what the . . . . claim

16   is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200

17   (2007) (citations omitted).  Although in order to state a claim a complaint "does not need

18   detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his

19   'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

20   recitation of the elements of a cause of action will not do. . . .   Factual allegations must

21   be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v.

22   Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer

23   "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  Pro se

24   pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

25   699 (9th Cir. 1990).

26         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1)

27   that a right secured by the Constitution or laws of the United States was violated, and (2)

28   that the alleged violation was committed by a person acting under the color of state law.

                                          2

*West v. Atkins*, 487 U.S. 42, 48 (1988).

## ANALYSIS

Petitioner alleges that he arrived at San Quentin State Prison on April 14, 2010, and he did not receive his medication until seven days later.  Plaintiff does not identify the medication in his complaint, but only describes it as medication for "pain" and for "chronic care."  However, the administrative appeals attached to the complaint identify the medication as methadone.  Plaintiff alleges that as a consequence of not receiving the medication he fainted and hit his head, and that on June 2, 2010, Defendant Dr. Tootell examined him, informed him that he had brain damage and ordered an M.R.I. test.  She also told plaintiff that she did not know why he had not received the medication when he first arrived at San Quentin.

Plaintiff names two defendants, San Quentin State Prison Health Services and Dr. Tootell.  The Eleventh Amendment bars Plaintiff's suit against San Quentin.  *See*. ; *Allison v. Cal. Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (11th Amendment bars suits against San Quentin State Prison).  As for Defendant Dr. Tootell, Plaintiff's allegations make clear that she did not cause the alleged failure to provide him medication.  Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  At the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff's allegations indicate that Dr. Tootell did not become involved in his care until June 2, 2010, approximately six weeks after he was already receiving medication.  Her only alleged actions were that she examined him for his head injury, opine that he might have brain damage, order an M.R.I., and inform him that she did not know why he had been deprived of his medication six weeks earlier.  Even if the deprivation of his medication for seven days amounted to a cognizable claim under the Eighth Amendment, *see* Estelle v. Gamble,

429 U.S. 97, 104 (1976) (deliberate indifference to serious medical needs violates the Eighth Amendment), it is clear from Plaintiff's allegations that Dr. Tootell was not involved in such a deprivation and certainly did not proximately cause it.

Consequently, plaintiff has not stated cognizable claims against either Defendant. Leave to amend is not warranted because it is clear from the allegations in the complaint establish that the claims are not cognizable against the Defendants, and as a result any amendment would be futile.

## CONCLUSION

For the foregoing reasons, the dismissal order and judgment of May 3, 2011, are VACATED.  The case is DISMISSED for failure to state a cognizable claim for relief.

The Clerk shall enter a new judgment and close the file.

IT IS SO ORDERED.

DATED:  May 6, 2011

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

IN RE: ROLAND E HOWARD,

                Plaintiff,

  v.

IN RE: ROLAND E HOWARD et al,

                Defendant.

Case Number: CV11-00999 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 6, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Roland E. Howard
#AC8869
San Quentin State Prison
Marin, CA 94974

Dated: May 6, 2011

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk